UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAVID ANGEL SIFUENTES III,[1]

    Plaintiff,

v.

NAUTILUS, INC.,

    Defendant.

Hon. Hala Y. Jarbou

Case No. 1:22-cv-150

**REPORT AND RECOMMENDATION**

    Plaintiff David Angel Sifuentes III, proceeding pro se and in forma pauperis, filed his complaint in this case on February 18, 2022, against Defendant Nautilus, Inc., alleging state-law claims of breach of warranty, product liability, and intentional infliction of emotional distress. He alleged that this Court has subject matter jurisdiction under the Magnusson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312, and supplemental jurisdiction over his state-law claims. (ECF 1 at PageID.3.) Sifuentes alleges that he purchased a Bowflex TreadClimber TC 200 from Nautilus in November 2017, which came with a three-year warranty. He claims that during the warranty period, the machine consistently broke down, the computer malfunctioned, and the side railing came off. Sifuentes purchased an extended warranty in November 2020, which extended the warranty to November 2022. Sifuentes alleges that he has paid Bowflex technicians additional amounts to repair his machine. He says that, recently, the machine began to smoke and stopped working, filling his residence with fumes. Sifuentes alleges that he has filed multiple warranty claims with third-party warranty servicers, but his machine remains unusable. He seeks

---

[1] Sifuentes spelled his name incorrectly in the caption of the complaint.

$10,500,000 in damages. He alleges no physical injury or damage to other property; rather, his sole contention is that the TreadClimber is defective.

On February 25, 2022, Sifuentes filed an amended complaint, in which he disclosed that he had previously filed an action against Nautilus in the United States District Court for the Western District of Washington, captioned, *Sifuentes v. Nautilus Inc.*, No. 3:21-cv-5613 ("Washington Case"). Indeed, the docket report in the Washington Case shows that Sifuentes sued Nautilus in that court on August 25, 2021, and that Nautilus appeared in the case on January 13, 2022, and filed an answer on January 19, 2022. *Washington Case*, Docs. 23, 24, and 26. In addition, on February 3 and February 4, 2022, Sifuentes filed motions for judgment on the pleadings and to transfer the Washington Case to this district. *Id.*, Docs. 29, 30. Nautilus opposes both motions. *Id.*, Docs. 30, 32. The docket report in that case also discloses that, in addition to the two federal actions, Sifuentes apparently sued Nautilus in the Kent County, Michigan, Circuit Court on February 23, 2022. *Id.*, Doc. 33-1 at Page 32.

"It is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principle is to avoid duplicative litigation."); *see also In re American Medical Systems, Inc.*, 75 F.3d at 1069, 1088 (6th Cir. 1996) (noting that "'the general principle is to avoid duplicative litigation'"). This rule applies to duplicative litigation existing both within the same district and in different districts. *ERW, Inc. v. Environ Prods., Inc.*, No. 1:96-cv-144, 1996 WL 550020, at *2 (July 8, 1996); *see also Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (stating that plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court

and against the same defendants"). Thus, although there is no precise rule, it is well-established that a federal court has the power to dismiss a lawsuit if it involves the same subject matter as another pending civil action. *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000).

Sifuentes has already sued Nautilus in the Washington case, and Nautilus has appeared and answered. The Washington Case and this action are truly duplicative, involving the same plaintiff, the same defendant, and the same issues and claims. In addition, the parties are currently litigating the merits and the appropriate venue. If the Washington court denies the motion to transfer venue and decides the case on the merits, the resulting judgment will bar this action under preclusion doctrines. On the other hand, if the Washington court transfers that case to this district, the transferred case will, for all intents and purposes, replace this case.

Accordingly, I recommend that the Court dismiss this action in favor of the Washington Case. *See Smith*, 129 F.3d at 361 (noting that when two identical actions exist, "courts often proceed . . . under the rule of thumb that the entire action should be decided by the court in which [the] action was first filed") (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)).

## CONCLUSION

For the reasons set forth above, I recommend that the Court exercise its discretion and dismiss this action without prejudice as duplicative of the Washington Case.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and

an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: March 4, 2022                                         /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).